UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERROL CASBORN,<br><br>    Petitioner,<br><br>v.<br><br>R.L. GOWER, et al.,<br><br>    Respondents. | No. 2:16-cv-1506 JAM CKD P<br><br><br>ORDER AND AMENDED<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal habeas petition was filed on June 23, 2016.[1] Pending before the court is respondent's motion to dismiss the petition on the ground that it was filed after the statute of limitations expired.[2] ECF No. 20. Petitioner opposed the motion on April 27, 2017, ECF No. 28, and respondent filed a reply on May 1, 2017, ECF No. 29. The undersigned issued Findings and Recommendations on May 26, 2017 proposing that the habeas petition be dismissed with prejudice as untimely filed. On July 28, 2017 petitioner filed an exhibit that was dated June 9, 2017 indicating that The State Bar of California had failed to respond to petitioner's January 2016 complaint against his trial counsel. This exhibit will be

---

[1] All filing dates referenced herein are based on the use of the prison mailbox rule unless otherwise indicated. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

[2] On the basis of judicial economy, the court does not address respondent's alternative argument that the claims raised in the petition are procedurally defaulted. See ECF No. 20 at 3-4.

1

considered by the court as part of petitioner's request for equitable tolling of the statute of limitations. Accordingly, the undersigned will amend her prior findings and recommendations to reflect the information provided in this exhibit.

I.      Factual and Procedural History

Petitioner entered a no contest plea to three counts of Second Degree Robbery in the Solano County Superior Court on March 27, 2014. ECF No. 1 at 40-43 (plea agreement); see also ECF No. 1 at 49-55 (change of plea transcript). He was sentenced to a stipulated term of eleven years in state prison on April 25, 2014. ECF No. 1 at 56-76 (sentencing transcript). He did not file a direct appeal before the California Court of Appeal.

On or about December 16, 2015 petitioner filed a state habeas petition in the Solano County Superior Court challenging the denial of custody credits and his concurrent sentence.[3] See ECF No. 28 at 85 (trial court minute entry). It was denied by the trial court on February 10, 2016. Id. Petitioner filed another state habeas petition raising the same claims in the California Court of Appeal on March 7, 2016[4] which was denied four days later on March 11, 2016. ECF No. 28 at 87. On March 15, 2016 petitioner filed a habeas corpus petition in the California Supreme Court which he amended on May 4, 2016 by adding a speedy trial and ineffective assistance of counsel claim. ECF No. 28 at 33-56 (amended petition),78-84 (original petition). This petition was denied without citation on June 8, 2016. ECF No.

The present federal habeas corpus petition was filed on June 23, 2016 alleging three separate claims for relief. Petitioner first contends that his right to due process was violated based on the trial court's denial of custody credits. Secondly, he asserts that due process was violated when the trial court failed to run his sentence concurrent with a federal robbery conviction. Lastly, petitioner raises an ineffective assistance of counsel claim based on counsel's failure to raise a

---

[3] The court notes that respondent did not provide a copy of this petition that was filed in state court. Therefore, the prison mailbox rule was not applied to it for purposes of calculating the statute of limitations. However, in this case, it does not alter the conclusions reached herein.

[4] Once again, the prison mailbox rule was unable to be applied to this petition due to respondent's failure to provide a copy of it. Instead, respondent chose to rely on a printout from the California court's website. Application of the prison mailbox rule would not affect the outcome in this case for the reasons described herein.

speedy trial violation.[5]

II. <u>Statute of Limitations</u>

Section 2244(d) (1) of Title 28 of the United States Code contains a one year statute of limitations for filing a habeas petition in federal court. The one year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on June 24, 2014 following the expiration of time to seek direct review by the California Court of Appeal. Cal. Rules of Court, rule 8.308(a); <u>see also</u> <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1067 (9th Cir. 2006). Therefore, the statute of limitations commenced the next day and expired one year later on **June 24, 2015**. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations). Therefore, the instant federal habeas corpus petition filed on June 23, 2016 was almost one year late to the day, absent any statutory or equitable tolling.

A. <u>Statutory Tolling</u>

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. <u>Artuz v. Bennett</u>,

---

[5] It should be noted that pursuant to his plea agreement, petitioner waived his right to a speedy trial. ECF No. 1 at 40.

3

531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

In the instant case, petitioner did not file any state habeas petition until December 16, 2015, almost six months after the statute of limitations had already expired. A state habeas corpus petition filed after the expiration of the statute of limitations does not revive it. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, as respondent points out, petitioner is not entitled to any statutory tolling while his state habeas corpus petitions were pending in state court. His federal petition remains untimely unless petitioner is entitled to an alternate start date or equitable tolling.

B.      Alternate Start Date

Liberally construing petitioner's pro se pleadings, he contends that he did not become aware of "the constitutional claims raised in the California Supreme Court [habeas] petition until April of 2016 when advised of such by a fellow inmate." ECF No. 28 at 12. These two new claims described as "speedy trial and effective counsel" violations were then included in an amended habeas petition filed in the California Supreme Court on May 4, 2016.[6] Id. at 33-34.

Under § 2244(d)(1)(D), AEDPA's statute of limitations begins to run when the petitioner knows or through diligence could discover the important facts, not when petitioner discovers their legal significance. Hasan v. Galaza, 254 F.3d 1150, 1154 & n. 3 (9th Cir. 2001). Here, the factual predicate underlying the asserted new claims for relief concern the date petitioner was

---

[6] These claims were merged into a single constitutional violation in the present federal habeas corpus petition based on counsel's failure to move for dismissal of the charges based on pretrial delay.

4

charged with the armed robbery counts in state court and the date of his eventual transfer from federal prison into state custody. See ECF No. 28 at 51-52 (Cal. S. Ct. habeas petition).

Petitioner argues that he did not become aware that the delay between these two dates amounted to a speedy trial violation until April of 2016. See ECF No. 28 at 12. However, under well-established case law, that does not change the start date of the federal statute of limitations because petitioner was well aware of the factual predicate for his claims. See Ford v. Gonzalez, 683 F.3d 1230, 1236 (9th Cir. 2012) (holding that "the factual predicate of Ford's [Brady] claims could have been discovered at the time of his trial through the exercise of due diligence."). Accordingly, petitioner's request to start the statute of limitations from April of 2016 should be denied.

C. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Additionally, the petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

/////

/////

1. <u>Delay in Receiving Case File and Transcripts</u>

Petitioner first requests equitable tolling based on counsel's delay in producing his case file. ECF No. 28 at 16. On October 10, 2014 petitioner sent a letter to his trial counsel and the clerk of the Superior Court requesting a copy of the judgment, sentencing minute order and plea agreement. ECF No. 1 at 31, 35. Along with a letter dated December 2, 2014, trial counsel sent petitioner a copy of the requested documents. <u>Id.</u> at 32. In a separate letter dated September 18, 2015, trial counsel indicated that he had previously sent petitioner a copy of the arrest warrant and report but not the sentencing transcript. <u>Id.</u> at 34. A subsequent letter from trial counsel indicates that he sent the sentencing transcript to petitioner on or about December 14, 2015. <u>Id.</u> at 33. However, The State Bar of California received a complaint from petitioner in January 2016 indicating that he still had not received his sentencing transcripts from trial counsel. ECF No. 33 at 2. In his habeas application, petitioner requested equitable tolling from October 2014 until December 2015. ECF No. 1 at 14. However, in light of the exhibit submitted to the court on July 28, 2017, the undersigned will extend petitioner's request for equitable tolling until the latest possible date in which the record reflects that he had obtained the sentencing transcript.[7]

Respondent correctly points out that petitioner was able to raise the custody credit and concurrent sentencing claims before he received any documents from his trial counsel. ECF No. 29 at 5. He simply chose to pursue relief first through administrative prison channels and then through the state courts before he filed his federal habeas petition.

Assuming, without deciding, that petitioner has demonstrated diligence in obtaining his case file, the undersigned recommends denying equitable tolling on this ground because petitioner failed to demonstrate that it was the actual cause of his untimely filing. See <u>Bills v. Clark</u>, 628 F.3d 1092, 1100 (9th Cir. 2010) (emphasizing that to be entitled to equitable tolling a petitioner must demonstrate that a mental impairment was the but-for cause of the delay). Petitioner

---

[7] The court concludes that the latest possible date that petitioner obtained a copy of his sentencing transcript was in April 2016. See ECF Nos. 28 at 36 (state habeas petition stating that petitioner discovered the legal basis for his ineffective assistance of counsel claim in April 2016); 33 (State Bar of California letter). Once he obtained his entire case file, petitioner then filed an amended state habeas corpus petition in the California Supreme Court on May 4, 2016. ECF No. 28 at 31-56 (petition); 57-77 (sentencing transcript).

received all of the documents he originally requested from counsel by December 2014, approximately six months before the federal statute of limitations expired. Petitioner does not explain, nor is it apparent to the court, why a sentencing transcript would be necessary when filing a challenge to the consecutive nature of the sentence as well as the computation of custody credits. This same information would have been reflected in the final judgment and sentencing minute order which petitioner received in December 2014. In this case, the request for, and receipt of, the sentencing transcript led to an additional year delay. Between December 12, 2014 and December 16, 2015, petitioner made no attempt to file either a state or federal habeas petition with the documents he already had in his possession. For all these reasons, the undersigned recommends denying equitable tolling based on delay in receiving petitioner's case file.

2. <u>Ineffective Assistance of Counsel</u>

Petitioner additionally contends that he is entitled to equitable tolling based on counsel's failure to file a notice of appeal on the "potentially meritorious issue" related to his request for a concurrent sentence and pretrial custody credits. ECF No. 28 at 13. However, petitioner fails to explain how this lack of an appeal actually caused him to file his federal habeas petition in an untimely manner.

In <u>Randle v. Crawford</u>, 604 F.3d 1047, 1057 (2010), the Ninth Circuit rejected a similar argument raised by a habeas petitioner. "Counsel's failure to perfect an appeal simply meant that Randle had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action – it did not prevent him from filing the petition." <u>Id.</u>; <u>see also</u> <u>Luna v. Kernan</u>, 784 F.3d 640, 646 (9th Cir. 2015) (emphasizing that "[c]ourts have held that run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances justifying equitable tolling" of the statute of limitations). Petitioner's request for equitable tolling on this basis should be denied because he has not demonstrated that it was the but-for cause of his untimely filed federal habeas petition. <u>See</u> <u>Spitsyn</u>, 345 F.3d at 799.

////

////

1     3.     <u>Exhaustion of Administrative Remedies</u>

In his opposition to the motion to dismiss, petitioner asserts that he "read a habeas manual which stated the [sentencing] credits issue had to be exhausted through the prison appeals process before he could proceed to [federal] court." ECF No. 28 at 13-14. He therefore filed administrative grievances pertaining to his custody credits and concurrent sentence in June 2014. Petitioner requests equitable tolling between June 2014 and October 10, 2014 while he was exhausting administrative remedies.[8] ECF No. 28 at 16.

Even assuming arguendo that petitioner is entitled to equitable tolling during this period of time his federal habeas petition is still untimely. Under this alternate analysis, the statute of limitations would have commenced in October 2014 and expired one year later in October 2015, approximately two months before petitioner filed any state habeas challenge to his conviction. Accordingly, the instant federal habeas petition would still be filed approximately eight months after the statute of limitations expired.

4.     <u>Actual Innocence</u>

The Ninth Circuit has determined that the "actual innocence" exception applies to the AEDPA's statute of limitations. <u>See</u> <u>Lee v. Lampert</u>, 653 F.3d 929, 934 (9th Cir. 2011) (en banc). "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the <u>Schlup</u> gateway and have his otherwise time-barred claims heard on the merits." <u>Id.</u> at 932. To pass through the <u>Schlup</u> gateway, a "petitioner must show that it is more likely than not that no reasonable juror

---

[8] The court has also considered this claim as a request for statutory tolling under 28 U.S.C. § 2244(d)(2). However, an administrative prison grievance does not constitute an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167 (2001) (rejecting the argument that statutory tolling applies during the pendency of a federal habeas corpus petition under 28 U.S.C. § 2244(d)(2) because it does not constitute an "application for State post-conviction or other collateral review"). Therefore, statutory tolling between October and December 2014 is not warranted. <u>Compare</u> <u>Kimbrell v. Cockrell</u>, 311 F.3d 361 (5th Cir. 2002) (recognizing that "the timely pendency of prison grievance procedures would have tolled the one-year [limitations] period," when the habeas petitioner was challenging a prison disciplinary proceeding and not a criminal conviction), <u>with</u> <u>Smith v. Meko</u>, 2016 WL 1411369 (E.D. Ky 2016) (denying statutory tolling for the duration of a prisoner's administrative appeal when his habeas petition challenged a criminal conviction because it "ignores the actual language of § 2244(d)(2)).

would have convicted him in light of the new evidence...." Id. at 327. Schlup additionally requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." Lee v. Lambert, 653 F.3d at 937–38. In this case petitioner asserts that he is actually innocent of the facts necessary to support his sentence. ECF No. 1 at 14. However, these facts only relate to his custody credits while incarcerated and the consecutive nature of his sentence and not his actual innocence of the crimes for which he was convicted. Petitioner has not provided any new evidence in support of his actual innocence claim and, without new evidence, the actual innocence exception does not apply. Schlup, 513 U.S. at 327. For this reason, the undersigned recommends denying equitable tolling based on actual innocence.

As petitioner does not meet the high bar for equitable tolling of the AEDPA limitations period, the undersigned will recommend dismissal of this action for untimeliness.

Accordingly, IT IS HEREBY ORDERED that the May 26, 2017 Findings and Recommendations (ECF No. 30) are vacated.

For the reasons cited above, IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 20, be granted; and,

2. The petition for writ of habeas corpus be denied with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Where, as here, the petition was dismissed on

procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Dated: August 7, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/casb1506.amendedF&R.docx